IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY MARSHALL, #183-459 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-16-4024 |
| DR. BEAU CANNON, Director, Mental Health Re-entry Action Program of D-2 | * | |
| MS. GRAHEM, Supervisor, Commitment Office | * | |
| J. ALLEN, Case Manager | * | |
| PATUXENT INSTITUTION MENTAL HEALTH | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

Gregory Marshall, a Maryland Division of Correction prisoner housed at Patuxent Institution, is scheduled for release on January 5, 2017. He states that defendants have failed to credit him with ten days of good conduct time, which would move his release date to December 25, 2016. He states that on October 14, 2016, he was promised the good conduct time and $30 if he agreed to move out of Tier C-4 of the mental health wing and be housed on Tier D-2 to participate in the mental health re-entry action program. Marshall admits that he became very sick," was removed from the program, and was placed on suicide watch on October 20, 2016. (ECF 1 at pp. 1-3). He claims that he should be provided the benefits of the program (good conduct time and money) based on his six days of participation. (ECF 1 at p. 3). He also claims that he has cancer and thus must be released from prison as soon as possible.[1] (ECF 1 at p. 4).

---

[1] Marshall has been successfully treated for prostate cancer. This issue was addressed in *Marshall v. Alloway, et al.*, Civil Action No. GLR-15-3864 (D. Md.) (ECF No. 19).

Marshall, who is proceeding under 42 U.S.C. § 1983, also requests leave to proceed in forma pauperis. (ECF 2). For the reasons stated below, the lawsuit must be dismissed.

Marshall seeks injunctive relief mandating that the good conduct time and $30 be awarded to him. He brings his action under 42 U.S.C. § 1983. Marshall cannot prevail, because while incarcerated, he has repeatedly filed complaints subject to dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), and thus is barred generally from civil filings under the "three strikes" provision of 28 U.S.C. § 1915(g).[2] Because Marshall has "three strikes" under the PLRA, he is not permitted to file a civil action unless he pays the full filing fee or proves he is in imminent danger of serious physical injury. As noted, Marshall has not paid the filing fee.[3] Aside from his unsupported claim that he may suffer from cancer, Marshall does not demonstrate that he is in imminent danger of serious harm.

Federal courts have long recognized that the grant of interim equitable relief is an "extraordinary remedy involving the exercise of a very far-reaching power." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). A plaintiff seeking such relief must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008). All four of these requirements must be established before injunctive relief can be granted. *See The Real Truth About Obama, Inc., v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

---

[2] *See Marshall v. Lanham*, No. AW-97-990 (D. Md. 1997); *Marshall v. Corr. Center of Howard Cnty.*, No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*, No. AW-02-2133 (D. Md. 2003).

[3] Given his "three strikes" status, Marshall's motion for leave to proceed in forma pauperis (ECF 2) will be denied.

The second *Winter* factor is dispositive here: Marshall has not demonstrated that he is likely to suffer irreparable harm if not released ten days early and paid $30.  It would offend due process were the court to wield its equitable power under these circumstances; it declines to do so.

For these reasons, a separate order shall be entered denying in forma pauperis status and dismissing the case without prejudice.[4]


December 21, 2016                                  _____/S/_____
Date                                               Catherine C. Blake
                                                   United States District Judge

---

[4] Marshall may of course refile the action and pay the full $400 filing fee at the time of filing.